## PEOPLE *v.* HASTINGS *et al.*

JUDGMENT FOR TAXES. — Although the statute does not require the assessed value of property to be alleged in the complaint in an action to recover taxes, yet, if it is alleged, and the record shows that a judgment was rendered for a greater sum than the total amount of county and State taxes authorized to be levied by law, the judgment will be reversed.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

*R. McGarvey*, for Appellants.

*Veeder & Latimer*, for the People.

By the Court, SAWYER, J.

This is a suit to recover taxes levied on certain lands in Mendocino County for the fiscal year ending March 1, 1863. The complaint generally follows the statutory form, but includes some allegations not specified in the statute. It avers the ownership of the lands described to be in the defendants Hastings & Currey, and " that there was duly assessed to them the above described real estate, valued at fourteen thousand eight hundred dollars, and that upon such property there has been duly levied, for the fiscal year ending March 1, 1863, a State tax of eight hundred and seventy-two dollars, and a county tax of one thousand six hundred and eighty-nine dollars and sixty cents, and a national tax of two hundred and eleven dollars, and upon which costs and percentage have since accrued of one hundred and thirty-eight dollars and sixty-eight cents, amounting in the whole to two thousand nine hundred and twelve dollars and ninety-four cents, all of which is due and unpaid," etc. Defendants demurred. The demurrer having been overruled, defendants answered; after which the Court, upon plaintiff's motion, entered judgment on the pleadings for the full amount claimed, on the ground that the answer presented no material issue. Defendants appeal from the judgment.

The complaint alleges the valuation of the land described in the complaint to be fourteen thousand eight hundred dollars. The limit of taxation for State purposes was sixty-two cents on each one hundred dollars, which, upon the valuation stated, would only be ninety-one dollars and seventy-six cents; but the amount levied, and recovered by the judgment for State purposes, is eight hundred and seventy-two dollars. The highest amount authorized by law to be levied for county purposes is sixty-cents on each one hundred dollars, which, on

fourteen thousand eight hundred dollars would be eighty-eight dollars and eighty cents; whereas the amount levied and recovered for county purposes is one thousand six hundred and eighty-nine dollars and sixty-cents; and the whole amount sued for and recovered, including national tax, percentage and costs, is two thousand nine hundred and twelve dollars and forty-four cents—about one fifth of the entire assessed value of the property. It is claimed that for this reason, it appears upon the face of the record that the judgment is erroneous. The respondents, however, insist that as the statute does not require the valuation to be stated in the complaint, it was unnecessary to state it, and it may be regarded as surplusage. It may be that the complaint would have been sufficient without this averment, but the valuation is an essential step in the levy of a tax, and is the only basis upon which the amount of the tax can be ascertained. It is a fact, material to the validity of a tax, if not necessary to be stated in the complaint, and when stated must be considered. The valuation is alleged, and it must be deemed to have been stated correctly. From the valuation as alleged, it appears affirmatively on the face of the complaint, that the amount of the taxes levied, and claimed and recovered in this suit, is wholly unauthorized by law. The judgment, therefore, is manifestly erroneous, and must be reversed on this ground.

There is evidently some mistake in the averments, but the complaint does not afford the means of correcting it, or of determining what amount of taxes, if any, has been legally assessed.

The judgment is reversed without costs, and the cause remanded for further proceedings, with leave to both parties to amend their pleadings.

Mr. Justice CURREY, being disqualified, did not sit on the hearing of this case.